UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

|  |  |  |
|---|---|---|
| CARLOS A. ROMERO, JR., <br>     Plaintiff, <br><br>         v. <br><br> COLEGIO DE ABOGADOS <br> DE PUERTO RICO, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL CASE NO. 94-2503 |

**MEMORANDUM AND ORDER**

June 13, 2011

Saris, U.S.D.J.[1]

**DISCUSSION**

On March 10, 2011, the First Circuit held that it does not have jurisdiction to hear an appeal in this case until this Court awards Romero damages arising from Colegio's violation of the Court's injunction. Romero submitted an affidavit of damages, (Dkt. 155,) which calculated that the amount of 2007 dues that should be refunded to him is $40.41. (See id.) The affidavit also asserts that Colegio did not expend any money on the montepio in 2008; therefore, Romero does not seek damages for that year. However, Romero also filed a supplemental affidavit, (Dkt. 164,)

---

[1] Of the United States District Court for the District of Massachusetts, sitting by designation.

estimating[2] that in the year 2009, which this Court's Memorandum and Order did not address, the Colegio budgeted the same amount for the montepio as it did in 2007.  For 2009, Romero states that he is owed $43.05 in damages. In total, Romero claims he is owed $83.46.

Disputing these amounts, the Colegio first argues that it should benefit from the fact that it is unclear what amount of montepio funding came directly from member dues as opposed to other sources.  This argument is unpersuasive.  As this Court explained in its order, "No matter what funds the Colegio formally uses to fund non-germane expenses," Romero "should only have been responsible for a percentage of the dues paid by non-objecting members equal to the ratio of germane expenses. . .to all expenses. . . ." See October 19, 2010 Order at 14.  The Court found support for this conclusion in Rule 5(B) of the regulations governing the Colegio's use of membership dues, which were promulgated by the Puerto Rico Supreme Court in response to litigation in related cases, see Romero v. Colegio De Abogados De Puerto Rico, 204 F.3d 291, 295 (2000), and Supreme Court case law prohibiting membership associations from avoiding First Amendment restraints by using creative bookkeeping to show that non-germane activities are not funded directly by objecting-member dues. See,

---

[2]    The estimate was based on the budgeted amount, not a record of actual expenditures for 2009, which is not available. (See Dkt. 164.)

e.g., Retail Clerks Int'l Ass'n, Local 1625, AFL-CIO v. Schemerhorn, 373 U.S. 746, 753-54 (1963).

In the alternative, the Colegio argues that the Court should apply a different formula to determine the appropriate amount of damages. Colegio's complicated formula begins by dividing the montepio budget by the total number of bar members (to determine the amount each member contributed to the montepio) and then multiplying this amount by the number of objecting members. The formula then calls for adding this figure to the total amount of non-germane expenses, presumably to determine what the Colegio believes the total non-germane expenses should have been. (Dkt. 162, p. 9.) The problem with the formula is that it assumes that montepio funding is non-germane only to the extent that it is funded by objecting members. But non-germane expenses are entirely non-germane, even if they are only partly funded by non-objecting members. Therefore, objecting member dues should be reduced by the proportion of all non-germane expenses to total expenses. Furthermore, Colegio's formula directly conflicts with this Court's order, which stated that Romero's dues should have been reduced by "the ratio of funds spent on the montepio to all expenses." See October 19, 2010 Order at 16.

Accordingly, the Court adopts Romero's calculation of overpaid dues owed to him as damages. (See Dkt. 155.) According to Romero's affidavit, in 2007, Colegio charged Romero $40.41

more in dues than it should have.  In contrast, in 2008, by Romero's own account, Colegio did not transfer money to fund the montepio and, thus, does owe damages for that year. Id.[3]  Finally, in 2009, which the Court did not directly address in its October 19, 2010 order, the Colegio overcharged Romero $43.05 as a result of its funding of the montepio. (See Dkt. 164.)  Because the Colegio also seems to have violated the injunction in 2009, the Court includes this amount in total damages for the reasons stated in the October 19, 2010 order.

## ORDER

Defendant must provide plaintiff damages in the amount of $83.46 as a result of this Court finding that the defendant was in civil contempt for violation of a court order.

            /s/ PATTI B. SARIS
            PATTI B. SARIS
            UNITED STATES DISTRICT JUDGE

---

[3] The factual record and briefing on these figures is unclear.  Romero's Affidavit of Damages states, "As to 2008, no refund is due by the Defendant. . ., because according to the Treasurer's Report of COLEGIO for 2008, COLEGIO did not transfer any monies to fund the montepio." (See Dkt. 155, ¶ 3.)  On the other hand, Colegio's objections to the affidavit assume that the Colegio dedicated at least some money to fund the montepio in 2008, and this assumption is supported by the Independent Auditors' Report. (See Dkt. 162, p. 7-8; Dkt. 165, Ex. 1.)  Because this is Romero's motion for damages, the Court will accept his assertion that no damages are due for 2008.